537 P.2d 932

**Moise BERGER, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Morris ROZAR, Judge of the Superior Court, Maricopa County, State of Arizona; Clarence Eugene JONES, Real Party in Interest, Respondents.**

No. 12036.

Supreme Court of Arizona,
En Banc.

July 16, 1975.

Moise Berger, Maricopa County Atty. by John C. Lincoln, Deputy County Atty., Phoenix, for petitioner.

Martin, Feldhacker, Friedl & Johnson, by Gregory H. Martin, Phoenix, for respondents.

HAYS, Justice.

The Maricopa County Attorney brought a petition for special action alleging that Superior Court Judge Rozar had abused his descretion in dismissing causes Nos. 80829 and 80135 with prejudice. This court accepted jurisdiction of the petition.

An examination of the record indicates that on March 26, 1974, the defendant filed a Motion for Mental Examination. On May 8, 1974, the reports on defendant's mental condition were submitted to the court. Thereafter, on August 1, 1974, a hearing was held and the defendant was determined to be competent to stand trial.

On August 9, 1974, a second motion for mental examination was filed by the defendant, and the doctors' reports were submitted to the court on September 30, 1974. A motion to dismiss on the basis of denial of speedy trial was filed November 14, 1974, which was denied by Judge Martin. The defendant was found incompetent at the hearing on November 15 and he was sent to the State Hospital.

On December 23, 1974, the defendant was found competent to stand trial, and trial was set for January 7, 1975. Prior to that date the defendant moved to continue the trial. After the motion to continue was granted, the defendant filed a request for change of judge. The cases were assigned to Judge Rozar who, on February 24, 1975, dismissed the cases with prejudice.

It appears from the detailed minute entry order of dismissal filed by the respondent judge that he arbitrarily set 30 days as a reasonable time in which the court should hold a competency hearing. Any time beyond 30 days he computed as not being a part of the excluded time. Rule 8.4(a), 1973 Rules of Criminal Procedure, 17 A. R.S., specifically provides for delays occasioned by an examination and hearing to determine competency. There is no specific period of excludable time set by this

rule. We hold that the entire period of delay caused by an examination and hearing to determine competency is an excluded time.

Ordered that the order dismissing these causes with prejudice is vacated, and they are remanded to the trial court for further proceedings.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.