558 P.2d 912

The STATE of Arizona, Appellee,

v.

**Clarence Eugene JONES, Appellant.**

**No. 3621.**

Supreme Court of Arizona,
In Banc.

Dec. 30, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Callahan, Cathcart & Gorman by W. Dennis Gorman, Jr., Tempe, for appellant.

CAMERON, Chief Justice.

After a jury trial, the defendant Clarence Eugene Jones was convicted and adjudged guilty of robbery, A.R.S. §§ 13–641 and 643, of .a Circle K Store which occurred on 15 February 1974, Maricopa County case Number CR–80135. Sentence was not less than ten nor more than twenty years in the Arizona State Prison, said sentence to run concurrently with the sentences imposed upon the defendant in case Numbers CR–80121, CR–80136, and CR–80170. In CR–80136, the defendant was convicted of the 4 January 1974 armed robbery of the same Circle K Store involved in this appeal,

which conviction was affirmed by the Court of Appeals, *State v. Jones,* 26 Ariz.App. 66, 546 P.2d 43 (1976). In CR–80170, the defendant was convicted of armed robbery of a different Circle K Store which occurred on 20 January 1974. This conviction was affirmed. *State v. Jones,* 26 Ariz.App. 68, 546 P.2d 45 (1976).

We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The issues on appeal are:

1. Did the defendant competently and intelligently waive his right to counsel?

2. Did the trial court abuse its discretion in denying a continuance to the defendant on the day of trial where the continuance was requested in order to retain new counsel or to allow defendant time to prepare his own defense?

3. Did the trial court err in admitting the officer's testimony of the defendant's confession where the confession was allegedly induced by promises of leniency and the State could not produce an alleged tape recording of the confession?

4. Was the defendant denied a speedy trial?

The facts pertinent to the issues on appeal are as follows. On 20 February 1974, the defendant was arrested in a West Phoenix apartment. After being advised of his Miranda rights, he was transported to the Phoenix Police Department where he was again given his Miranda warnings. The defendant then confessed to Detective Calvin Lash to the robbery of the Circle K Market at 702 East Roeser, Phoenix, on 15 February 1974. The defendant apparently confessed to other robberies at this time. Detective Lash later testified that a tape recorder enclosed in a briefcase was present during the questioning of the defendant, but that he did not recall whether it was ever turned on, and, in any event, he had since been unable to locate the tape.

The defendant was charged with the 15 February robbery in an information filed 4 March 1974. During the pretrial proceedings, two delays were occasioned by the defendant for purposes of mental examinations. The defendant then filed a motion to dismiss for lack of speedy trial on the basis that the court had unreasonably delayed setting the dates for the competency hearings. The motion was granted and CR–80121 and CR–80135 (the instant case) were dismissed with prejudice. The order was challenged in a special action before this court. In *Berger v. Rozar,* 112 Ariz. 62, 537 P.2d 932 (1975), we vacated the order and remanded the cases to the Superior Court, holding that the entire period of delay caused by examinations and hearings to determine competency was excludable time under the speedy trial rules. Trial was held 22 September 1975 before a jury which convicted the defendant as charged. From this conviction and judgment of guilt defendant appeals.

## WAIVER OF COUNSEL

On 9 September, the third court-appointed attorney to represent the defendant filed a motion to withdraw as counsel, citing defendant's dissatisfaction with his representation. The two previous attorneys representing the defendant had withdrawn for substantially the same reason. Hearing on the motion was held 16 September. There the defendant was informed by the court that it was incumbent upon him to retain substitute counsel before the court could permit the withdrawal of his present attorney, in accordance with Rule 6.3(c), Arizona Rules of Criminal Procedure (1973).

The case was transferred to another division of the Superior Court. On the day of trial, 22 September, the defendant appeared with his court-appointed attorney and renewed his request for withdrawal of counsel. After oral argument, the following transpired:

"THE COURT: The Defendant's Motion will be denied. We will either do one or two things. We will either proceed here today to trial with you representing yourself or Mr. Lurie representing

you. Which way is it going to be, Mr. Jones?

"THE DEFENDANT: Then, I want to put in another motion. A motion for a continuance so that I can hire a counsel of my own choice.

"THE COURT: Mr. Demars.

"MR. DEMARS: As counsel for the State, I would oppose this motion. This case has been in the fire here for a long time. It alleges an offense committed in February 15, 1974. There have been motions for mental examinations in this case, motions for continuances several times. Frankly, I think the witnesses are getting tired of coming here to court . . . . .

"THE COURT: The Motion to Continue is denied.

"THE DEFENDANT: Your Honor.

"THE COURT: Yes, Mr. Jones.

"THE DEFENDANT: Well, Your Honor, you know, this is not right—

"THE COURT: Mr. Jones, let me tell you something.

"THE DEFENDANT: Well, can't I talk?

"THE COURT: I am not going to play games.

"THE DEFENDANT: I am not trying to play games. Look, I am faced with a five to life sentence, you know.

"THE COURT: Mr. Jones, you have been through three lawyers—

\* \* \* \* \* \*

"MR. DEMARS: Your Honor, if I could say something for the record.

"THE COURT: Proceed.

"MR. DEMARS: As you know, I have been away from the County Attorney's office for a while but I do remember Mr. Jones when I was in the County Attorney's Office last Fall. And, I do remember that Mr. Jones, and this is a strict avowal, was disrupting the proceedings of each trial that he went to and it was his desire to create as much error as possible for a possible appeal.

\* \* \* \* \* \*

"THE COURT: We will proceed with the trial and I will appoint—

"THE DEFENDANT: I don't want—I don't want him on the tail end or the front end.

"THE COURT: You don't want Mr. Lurie around at all?

"THE DEFENDANT: I don't want him in the tail end or the front end.

"THE COURT: We will just proceed without Mr. Lurie.

\* \* \* \* \* \*

"MR. DEMARS: I want to make it clear on the record, Mr. Jones does not want counsel in this case.

"THE DEFENDANT: I don't want Mr. David M. Lurie as counsel in this case. I didn't want him on the last case, either. That's not saying I don't want anybody else but they don't let me buy anything. They are going to make me my own lawyer. That's all right. I will go ahead on like that."

The court permitted the attorney to withdraw, and appointed a public defender at the defendant's request to advise the defendant during the trial. The case proceeded with the defendant representing himself.

█ Defendant contends on appeal that the trial court failed to determine on the record whether his waiver of counsel was competently and intelligently made. We do not agree.

█ There is a difference between waiver of assistance of counsel and rejection of counsel that has been appointed by the court. In the first case, the law requires that before a defendant waives his right to have counsel appointed for him in the case of an indigent defendant as here, the record must show that he knowingly, intelligently, and voluntarily desires to waive this very important right. Rule 6.1(c) of the Arizona Rules of Criminal Procedure (1973) requires this waiver to be in writing. In the instant case, the defendant was rejecting the counsel appointed by the court, the third attorney so appointed to represent him. It does not appear he would have signed any waiver even if he had been asked to do so. A defendant may not unreasonably reject the counsel offered to rep-

resent him and then, on appeal, complain he was denied the assistance of counsel. *State v. DeLuna,* 110 Ariz. 497, 520 P.2d 1121 (1974). We find no error.

## DENIAL OF CONTINUANCE

■ The defendant asserts that the denial of his request for a continuance on the day of trial was error in that he was not granted an opportunity to retain other counsel or, in the alternative, time to prepare his own defense. We note that in *State v. Jones,* 26 Ariz.App. 68, 546 P.2d 45, this very defendant raised the issue of whether the trial court erred in refusing his request to discharge his counsel. The Court of Appeals stated:

"Appellant did not make this request until the day of trial and it appears it was made with the goal of delaying the proceedings." 26 Ariz.App. at 74, 546 P.2d at 51.

In the instant case, the defendant had discharged two previous attorneys and the record indicates he had sufficient time in which to obtain the services of another or prepare the case himself. The defendant waited until the day of trial and the last day under the speedy trial rules to make this motion. His tactics were both dilatory and obstructive. The court properly confronted the defendant with the choice of either proceeding with his appointed counsel, who was prepared to defend, or proceeding without counsel. We find no error.

## ADMISSIBILITY OF CONFESSION

The defendant contends that the inability of the prosecution to produce an alleged tape recording of his confession made to Detective Lash on 20 February 1974 required exclusion of the detective's testimony of the confession at trial.

■ At a voluntariness hearing held prior to trial, the defendant testified that his confession to the robberies was induced by Detective Lash's promise to file only one robbery charge. Detective Lash denied this allegation, stating that he had made no promises of leniency to the defendant. His testimony was corroborated by another de-tective who was present during part of the questioning of defendant. The trial court admitted the defendant's statements into evidence, finding that such statements were voluntarily and intelligently made and not the result of threats or promises of leniency and properly instructed the jury as to the voluntariness of the confession. *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969).

■ There is no evidence that the tapes were intentionally suppressed, *United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), or that the State wilfully or negligently destroyed the tape knowing such evidence to be favorable to the accused. *State v. Brewer,* 26 Ariz.App. 408, 549 P.2d 188 (1976). The detective testified that the tape had been inadvertently lost and that he had made an unsuccessful good faith effort to locate it. He also testified that he was not even sure that the defendant's statements had been recorded. We find no error.

Although the tapes might have been better evidence as to the contents of the confession and also have been relevant as to the voluntariness of the confession, the record does not indicate and the defendant does not show anything that convinces this court the confession was other than voluntary.

It should also be noted that at the trial the Circle K clerk made an in-court identification of the defendant as the person who robbed her on 15 February 1974. This was the same clerk whom defendant robbed on 4 January 1974. In addition, the robbery itself was photographed by means of a hidden store camera. The photographs were shown to the jury and the photographs indicated to the satisfaction of the jury that the defendant, Clarence Eugene Jones, was depicted thereon. Any error in the introduction of the testimony of the confession would be harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

### SPEEDY TRIAL

The defendant's last contention is that he was denied a speedy trial because there occurred "unreasonable" delays in the mental examinations and hearings to determine his competency to stand trial. We have held that the entire period of delay was to be excluded from the speedy trial time computations. *Berger v. Rozar,* supra.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.