610 P.2d 35

**STATE of Arizona, Appellee,**

v.

**Charlie Lee EVANS, Appellant.**

No. 4592.

Supreme Court of Arizona,
In Banc.

March 20, 1980.

Rehearing Denied April 29, 1980.

402

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Deputy Public Defender, Tucson, for appellant.

HOLOHAN, Vice Chief Justice.

Appellant Charlie Lee Evans was convicted after a jury trial of kidnap for rape and rape. He was sentenced to confinement for thirty to fifty years and thirty years to life on the respective charges. We have jurisdiction pursuant to A.R.S. § 13–4031.

The evidence at trial showed that appellant entered the victim's house, found her in the living room and, after a struggle, took her to the bedroom and raped her. During the incident the victim's boyfriend entered the house. Responding to the victim's cry for help, he attacked the appellant. A fight ensued, but appellant managed to escape from the boyfriend and fled the scene. The police were called, and officers of the Tucson Police Department apprehended the appellant nearby minutes after the crime. Appellant was identified at the scene and at the trial by the victim and her boyfriend. Appellant's wallet and hat were also found in the victim's home.

The issues on appeal are:

1) Was appellant's waiver of counsel competent and intelligent?

2) Did the trial court erroneously refuse appellant's eleventh hour request for counsel?

Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) noted that the courts indulge every reasonable presumption against the waiver of fundamental constitutional rights. A determination of the question of intelligent waiver of right to counsel depends upon the particular facts and circumstances of the case, including the background, experience and conduct of the accused. A mentally incompetent defendant cannot knowingly or intelligently waive his rights. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). A high standard of proof is required for the waiver of constitutional rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). As we said in State v. Decello, 111 Ariz. 46, 523 P.2d 74 (1974):

"A defendant who waives the assistance of counsel in a criminal trial is by that very act doing something that calls into question his rationality, and the United States Supreme Court has indicated that greater care must be taken in allowing a person to waive his right to an attorney than it does in finding him competent to stand trial." (Citing Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966)); 111 Ariz. at 48–49, 523 P.2d at 76.

In the case at issue counsel had been appointed for appellant, but the appellant expressed dissatisfaction with his appointed counsel. The trial court permitted appointed counsel to withdraw, and the public defender was appointed to defend the appellant.

Shortly before the scheduled trial date, appellant again expressed dissatisfaction with the public defender and requested a "bar appointed" attorney. The trial judge advised appellant that no other attorneys would be appointed to represent him and that appellant must either accept this attorney or proceed pro se. The judge warned appellant of the dangers of proceeding without the benefit of counsel but appellant elected to represent himself.

Appellate counsel argue that there was no competent waiver of counsel. Counsel points out that appellant was examined pursuant to Rule 11, Rules of Criminal Procedure, 17 A.R.S., to determine his mental condition. Although appellant was found competent to stand trial, he was diagnosed as a paranoid schizophrenic. Counsel argue that the trial court did not conduct a proper hearing to make a determination of appellant's mental competency to waive counsel. *See U. S. v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *Cooley v. U. S.*, 501 F.2d 1249 (9th Cir. 1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); *U. S. v. Gillings*, 568 F.2d 1307 (9th Cir. 1978), *cert. denied*, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760; and *U. S. v. Aponte*, 591 F.2d 1247 (9th Cir. 1978).

■ In any determination of whether there has been a competent waiver of constitutional rights, the better practice would be for the trial judge to make specific findings, but if the record is adequate the absence of specific findings is not reversible error. *See U. S. v. Aponte, supra.*

■ At the hearing in which appellant was found competent to stand trial, he was diagnosed as a paranoid schizophrenic. This label alone, however, does not mean that appellant is unable to make competent choices. *State v. Thompson*, 113 Ariz. 1, 545 P.2d 925 (1976). The record reveals that one of the psychiatrists who examined appellant stated that appellant understood the nature of the proceedings against him and in fact at the time of his arrest understood his *Miranda* rights well enough to request consultation with counsel before making any statements. We said in *State v. Doss*, 116 Ariz. 156, 568 P.2d 1054 (1977) that competence to waive *Miranda* rights is inconsistent with incompetence to waive counsel. The converse is also true. An understanding of the right to remain silent until counsel is obtained indicates comprehension of constitutional rights and the role of counsel.

In summary, a careful examination of the psychiatric reports and the testimony adduced at the hearing on his competency to stand trial reveals that appellant was competent to make the decision to waive counsel; further there is no indication in the record, nor was there any complaint by advisory counsel, of any deterioration in appellant's mental condition from the time of his competency hearing to and including the trial of the case.

Counsel for appellant argue that the waiver was not a knowledgeable one because the appellant was not advised of the nature of the charges or the length of possible sentences in the event of conviction.

■ It must be noted that Rule 6.1(c) requires that a defendant's waiver of counsel be in writing. The prescribed form for waiver of counsel, Form VIII, Rules of Criminal Procedure, 17 A.R.S., sets forth in detail the information of which a defendant should be aware before his waiver of counsel can be said to be intelligently made. If the rules had been followed this issue would not be before this court; nevertheless the absence of the written waiver does not constitute reversible error. *See State v. Castoe*, 114 Ariz. 47, 559 P.2d 167 (App.1976). The fact remains that the record must be carefully reviewed to determine that the waiver was intelligently made.

■ In *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973), this court observed that criminal defendants know many things more than the things which are told to them by the judge. The appellant in this case had been convicted of three previous offenses: assault with a deadly weapon, burglary, and attempted burglary. His assault conviction occurred after trial by jury. Appellant had served a period of confinement in the state prison. The record in this case discloses instances in which the appellant filed his own motions with citation of authority.

The report of one of the examining psychiatrists, Dr. LaWall, notes that the appellant correctly identified the function of a jury and that the appellant was knowledgeable of plea bargaining. The examiner also noted that the appellant spoke of his other convictions, and he knew the nature of the rape charge against him.

**404**

The totality of the record supports the conclusion that the waiver of counsel was knowledgeable, and appellant was competent when he made the waiver.

 Appellant's final point is that he was denied appointed counsel which he asked for on the day of trial. As counsel points out, Rule 6.1(e) of the Rules of Criminal Procedure provides that a defendant may withdraw a waiver of counsel at any time, so the request of a defendant for counsel should have been honored even on the day of trial.

The difficulty with appellant's position is that he was never refused appointed counsel. Even when he waived counsel, the public defender was appointed to act as his advisor throughout the proceedings. The record reflects that the public defender did assist appellant in many areas particularly in making objections to questions asked by the state. Appellant, however, was the one who refused to have the public defender act as counsel in the case.

On the day of trial when the issue of the defendant representing himself was reviewed by the trial court, the following occurred:

> "THE COURT: No, sir. It is up to you. The other day you told Judge Roylston that you wanted to represent yourself. You are going to have to make your own decision. If you want to go to trial representing yourself, that is fine. If you want to go to trial with a lawyer representing you, you have that right, too.
>
> "THE DEFENDANT: Well, if the only lawyer I can get is Mr. Dover, then I will represent myself."

The situation in this case is very similar to the factual situation in *State v. Jones*, 113 Ariz. 567, 558 P.2d 912 (1976). There the defendant also rejected two court-appointed attorneys and on the day of trial asked that a third attorney be appointed. The trial judge denied defendant's request. We held that, "A defendant may not unreasonably reject the counsel offered to represent him and then, on appeal, complain he was denied the assistance of counsel." 113 Ariz. at 570–571, 558 P.2d at 915.

There is no right to have a particular appointed attorney. *State v. Lamb*, 116 Ariz. 134, 568 P.2d 1032 (1977). As in *Jones, supra*, the trial judge here properly confronted appellant with the choice between the public defender and representing himself. The appellant made his choice.

The judgment of conviction and sentence are affirmed.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.