651 P.2d 856

STATE of Arizona, Appellee,

v.

Robert Henry HARTFORD, Appellant.

No. 4807–2.

Supreme Court of Arizona,
In Banc.

Sept. 13, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Robert Henry Hartford, in pro. per.

CAMERON, Justice.

Defendant, Robert Henry Hartford, appeals his sentence of 9 years to 10 years for assault with a deadly weapon. Former A.R.S. § 13–249(A). We have jurisdiction of this appeal pursuant to A.R.S. §§ 13–4033 and 13–4037.

We need consider only two questions on appeal:

1. Was the defendant's right to counsel violated by the trial court's refusal to appoint particular counsel at resentencing?

2. Did the defendant have a right to a presentence hearing?

The facts necessary to a determination of these issues are as follows. Defendant, Robert Henry Hartford, was convicted on 12 January 1979 of assault with a deadly weapon. He was sentenced to a term of imprisonment of 10 years to life. On appeal, we affirmed the conviction but vacated the sentence and remanded for resentencing. *State v. Hartford,* 130 Ariz. 422, 636 P.2d 1204 (1981).

The resentencing took place on 14 January 1982. Mr. James Kemper, the attorney who had assisted the defendant in his appeal, appeared. Defendant informed the trial court that he did not wish to have Mr. Kemper represent him and moved that the court appoint a Mr. Guy Buckley as his counsel. It seems that defendant had heard Mr. Buckley speak on the radio and believed that his experience would be helpful to defendant's case. The defendant had written to request Mr. Buckley's assistance but had received no response. The trial court denied defendant's motion to appoint Mr. Buckley. The defendant then renewed his objection to Mr. Kemper and elected to represent himself. Although the court designated Mr. Kemper as advisory counsel, defendant indicated he would not consult him.

The defendant then requested a presentence hearing. He urged that resentencing entitled him to a second presentence hearing, at which he could subpoena and cross examine a doctor whose diagnosis of the defendant was included in the previous presentence report of 20 December 1978. The trial court noted that it had reviewed the entire file and that a new resentencing hearing was not necessary. The defendant was sentenced to imprisonment for a term of 9 to 10 years. Defendant appeals.

RIGHT TO COUNSEL

Defendant urges that the trial court's refusal to appoint Mr. Buckley to represent the defendant violates due process by depriving him of his right to counsel. We do not agree.

 It is true that there is a right to counsel at every critical stage in a criminal proceeding, *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); *State v. Reagan,* 103 Ariz. 287, 440 P.2d 907 (1968), and sentencing is a critical stage. *State v. Lindsay,* 5 Ariz.App. 516, 428 P.2d 691 (1967); *Lee v. State,* 99 Ariz. 269, 408 P.2d 408 (1965). We note, however, that the defendant in the instant case was afforded counsel. There is no question that Mr. Kemper was qualified and the appropriate attorney to serve as counsel for the defendant. As we have stated:

"A defendant may not unreasonably reject the counsel offered to represent him and then, on appeal, complain he was denied the assistance of counsel." *State v. Jones,* 113 Ariz. 567, 570–71, 558 P.2d 912, 915–16 (1976). See *State v. Kruchten,* 101 Ariz. 186, 417 P.2d 510 (1966), cert. denied 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967); *State v. Deluna,* 110 Ariz. 497, 520 P.2d 1121 (1974); *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976).

We find no error.

RIGHT TO A PRE–SENTENCE
HEARING

 At the time of the resentencing, 14 January 1982, defendant moved that the

hearing be continued to enable him to present evidence in mitigation of his sentence. In particular, the defendant wished to subpoena and cross examine a Dr. Hayward, whose diagnosis of the defendant as uncooperative and violent appeared in the pre-sentence report of 20 December 1978.

In denying the defendant's request for a sentencing hearing, the court stated it had reviewed the entire record, including the presentence report prepared for the sentencing in January of 1979. The defendant stated:

" * * * I think I am entitled to a pre-sentence hearing and I wish to have a hearing on it. * * * I feel that, if you're considering the record, it should be my privilege to review the record and contest any papers that you considered. * * * "

We agree with defendant.

Rule 26.7, Arizona Rules of Criminal Procedure, 17 A.R.S., states:

"26.7 Pre-sentencing hearing; request, purpose, pre-hearing conference

"a. Request for a Pre-Sentencing Hearing. When the court has discretion as to the penalty to be imposed, it may on its own initiative, and shall on the request of any party, hold a pre-sentencing hearing at any time prior to sentencing."

In the instant case, under the statute in effect at the time, Former A.R.S. § 13–249(A), the court had considerable discretion as to the penalty to be imposed. Thus the defendant, having stated his desire, is entitled to both inspect the presentence report, Rule 26.6(a), and receive a presentence hearing, Rule 26.7(a). The matter will have to be remanded for resentencing, at which time a new presentence report must be prepared and, after adequate notice, a pre-sentence hearing afforded the defendant.

The matter is remanded for resentencing within 60 days of the issuance of the mandate in this case.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.