NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

TRAVIS LEE WARD, *Appellant*.

Nos. 1 CA-CR 14-0019 and 1 CA-CR14-0020 (Consolidated)
FILED 4-2-2015

---

Appeal from the Superior Court in Maricopa County
Nos.  CR2013-111485-001 and CR2013-001557-001 DT
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

**¶1**         Travis Lee Ward appeals his convictions and sentences on the grounds the trial court erred in finding him competent to stand trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Ward, while under the influence of methamphetamines, stole an ambulance. With a police officer following him, Ward proceeded to strike a parked car, some lawn furniture, several fences, and multiple walls before finally crashing into a house. Ward was arrested and indicted for theft, a class two felony; theft of means of transportation, a class three felony; and two counts of criminal damage, class four felonies.

**¶3**         While Ward was in custody and pending trial, he assaulted two detention officers. As a result, a second indictment was filed against Ward charging him with two counts of aggravated assault, both class five felonies.

**¶4**         Before trial, Ward's counsel filed a motion for a competency evaluation. The motion was based on Ward's statements to counsel that he believed in vampires.

**¶5**         The trial court granted the motion, and, between November 2011 and April 2012, Ward was examined by several mental health doctors. Ward was initially found to be incompetent, but restorable. He was placed in a restoration program where he was restored to competency. On October 1, 2012, the trial court determined that Ward was competent to stand trial.

**¶6**         Following the trial court's competency determination, Ward's counsel made several oral and written requests to re-evaluate Ward's competency. All of these requests were denied.

**¶7**         Ward testified at his first trial. During his testimony, Ward explained that his actions in stealing the ambulance were based on his belief

in vampires.  Ward testified that he stole the ambulance and ran it into the victim's house – which he believed belonged to the queen of the vampires - because he had been chosen to kill the vampire "queen" and thereby lift the vampire "curse."

**¶8**        The jury convicted Ward of theft, theft of means of transportation, and two counts of criminal damage at his first trial.  At Ward's second trial, which was held seven days later, Ward was convicted of one count of aggravated assault.  Ward timely appealed both convictions.

## DISCUSSION

**¶9**        Ward contends that the trial court abused its discretion by denying his renewed requests for a competency examination.  We review a trial court's order denying a defendant's renewed request for a competency examination for an abuse of discretion.  *State v. Lynch*, 225 Ariz. 27, 33, ¶ 16 (2010).

**¶10**        A criminal defendant has a fundamental right to be competent when he stands trial.  *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Drope v. Missouri*, 420 U.S. 162, 171–72 (1975).  A conviction of an incompetent defendant violates due process.  *Cooper*, 517 U.S. at 354; *Pate v. Robinson*, 383 U.S. 375, 378 (1966).  A defendant is incompetent to stand trial if, as a result of a mental illness, defect, or disability, he is unable to: (1) understand the nature and object of the proceedings against him, or (2) consult with counsel and assist in his own defense.  Ariz. Rev. Stat. § 13-4501(2); Ariz. R. Crim. P. 11.1; *Dusky v. U.S.*, 362 U.S. 402, 402 (1960); *State v. Moody*, 208 Ariz. 424, 443, ¶ 50 (2004).

**¶11**        Competency to stand trial is a legal standard, not a psychiatric standard.  *Godinez v. Moran*, 509 U.S. 389, 402 (1993).  As a result, the threshold for determining competency is a low one.  The Supreme Court has stated:

> Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel.  While psychiatrists and scholars may find it useful to classify the various kinds and degrees of competence . . . the Due Process Clause does not impose these additional limitations.

*Id.*

¶12 Courts examine a variety of factors in determining competency. *Cf. Bishop v. Superior Court*, 150 Ariz. 404, 409 (1986) (discussing the varied and fact intensive inquiry necessary to determine competency). A court may consider the testimony of experts, the opinions of defense counsel and its own observations of the defendant in determining competency. *State v. Arnoldi*, 176 Ariz. 236, 239 (1993), overruled on other grounds by *State v. Jones*, 235 Ariz. 501 (2014). Any one factor may be sufficient to make a competency determination. *Drope*, 420 U.S. at 179–80.

¶13 Ward concedes that he understood the nature and object of the proceedings against him. He argues, however, that based on his delusional belief in vampires, he did not have the ability to consult with his lawyer or assist in his defense.[1]

¶14 We note at the outset that "[t]he presence of a mental illness, defect or disability alone is not grounds for finding a defendant incompetent to stand trial." Ariz. R. Crim. P. 11.1; *Moody*, 208 Ariz. at 444, ¶ 56. Thus, the fact that Ward appears to have suffered from delusions may show that he has a mental illness, but it does not establish he is legally incompetent. Indeed, numerous decisions have found that defendants suffering from mental illness were competent to stand trial. *See State v. Glassel*, 211 Ariz. 33, 44, ¶ 30 (2005) (holding that a defendant was competent to stand trial despite the fact he was suffering from a paranoid personality disorder causing him to believe in a vast conspiracy involving his counsel, the police, the court, and several high-level government officials); *State v. Evans*, 125 Ariz. 401, 403 (1980) (defendant found competent despite suffering from paranoid schizophrenia).

¶15 The record shows that Ward's repeated requests to re-evaluate his competency were based on the same information the court had reviewed in making its initial competency determination; Ward's belief in vampires. However, before a court grants a motion to re-evaluate a defendant's competency, "there must be some reasonable ground to justify another hearing on facts not previously presented to the trial court." *State*

---

[1] The record is not clear as to the precise nature of Ward's mental illness. The trial court determined that "Defendant's competency issues primarily stem from his use of methamphetamine." Other diagnoses include possible schizophrenia, paranoid delusional disorder, and drug/amphetamine induced psychosis.

*v. Contreras*, 112 Ariz. 358, 360–61 (1975). Accordingly, the court did not abuse its discretion in denying Ward's renewed motions.

¶16 Additionally, the record supports the court's determination that Ward was competent to stand trial. During jury selection for the second trial, Ward's counsel advised the court that just days earlier, during the first trial, Ward was able to effectively communicate with counsel. Ward expressed an understanding of his case and confidence in his attorney. When defense counsel raised questions about Ward's continued competency, the court engaged Ward in colloquies until it was satisfied that Ward remained competent to stand trial. Moreover, there were several reports, medical opinions, and statements that had been made by both attorneys, as well as the court's own observations, upon which the court could base its finding that Ward was competent.

## CONCLUSION

¶17 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama