705 P.2d 955

**The STATE of Arizona, Appellee,**

v.

**Harold David JONES, Appellant.**

**No. 1 CA–CR 8335.**

Court of Appeals of Arizona,
Division 1.

June 20, 1985.

Review Denied Sept. 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Phoenix, for appellant.

OPINION

LIVERMORE, Judge.

Defendant was convicted of aggravated assault with a deadly weapon (a rifle) and sentenced to the minimum term of five years. He appeals his conviction on several grounds. We reach only a single issue and reverse.

Defendant was arrested on March 4, 1984. At his preliminary hearing eight days later he was represented by the Maricopa County Public Defender's Office. On April 30, 1984, the same public defender

represented the defendant in a probation revocation proceeding. Probation was not revoked. A pre-trial conference on June 4, 1984, was devoted entirely to the public defender's motion to withdraw since it appeared that defendant's income had come to exceed an amount which would qualify him as an indigent. The hearing concluded with the following exchange:

"THE COURT: I think I'll relieve the Public Defender and ask you to get an attorney within 10 days. Do you understand, Sir?

THE DEFENDANT: Yes.

THE COURT: Do you have any papers in your hand or in your possession that you can show to an attorney when you go to represent him—I mean when you go to see if he'll represent you?

THE DEFENDANT: No, sir.

[THE PUBLIC DEFENDER]: I have copies of everything. I have a copy of the preliminary hearing transcript. It's the only copy I have, but I'll release it to Mr. Jones now.

THE COURT: Why don't you keep that but give him a copy of the Indictment and two or three sheets, whatever a private attorney might need to represent him, and then when he asks—

[THE PUBLIC DEFENDER]: Fine, Your Honor. I'll give him a copy of whatever I have in the file.

THE COURT: Tom can make you a copy.

[THE PROSECUTOR]: Will the trial date remain the same until we have—

THE COURT: Yes, sir. I would ask that you go to somebody promptly [so] he can begin work on the case.

(Adjourned)."

On June 18, 1984, the first trial date, a four-minute proceeding was held in superior court. We reproduce the proceeding as it relates to counsel.

"THE COURT: ... You've got to either get a lawyer or represent yourself, apparently.

THE DEFENDANT: I have an application at the bank for a loan to pay—

THE COURT: Sir?

THE DEFENDANT: I have an application in from the bank; I'm supposed to hear from that sometime today or tomorrow.

THE COURT: And who are you thinking about, going back to Mr. Magee or—

THE DEFENDANT: Yes, he's handling the divorce and he has handled this before.

THE COURT: Sir?

THE DEFENDANT: He has handled this before when my wife has brought charges against me.

THE COURT: Suppose I just leave the trial date firm on 7/1/84 and if you show up without a lawyer, we're going to trial anyway.

THE DEFENDANT: Okay.

THE COURT: You can either show up with a lawyer or without a lawyer. See you about 10:00 on 7/1/84.

THE DEFENDANT: At 10:00 a.m., 1st of July?

THE COURT: Yes, sir.

[THE PROSECUTOR]: For trial.

THE DEFENDANT: Trial; okay.

(Adjourned)."

The case went to trial before another judge on July 2, 1984. Defendant appeared without a lawyer and represented himself. The court made no inquiry about the absence of counsel.

The Arizona Constitution states

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel ... and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." Ariz. Const., art. 2 § 24.

The right to counsel is furthered by statute (A.R.S. § 13–114(2)) and court rule (Rule 6, Rules of Criminal Procedure, 17 A.R.S.). Of course, this right is not absolute and can be "forfeited" by conduct of the accused where the accused is "dilatory" or otherwise subverts the orderly criminal process. *State v. Miller*, 111 Ariz. 321, 322, 529 P.2d 220, 221 (1974) (in division).

**280**

But there is nothing in this record to indicate that defendant was deliberately trying to impede the orderly criminal process.

The case at bench does not fit well with most right to counsel precedents. In general these cases arise in conjunction with indigent defendants who are either denied an attorney, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) or affirmatively assert a right to represent themselves, *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Hartford*, 130 Ariz. 422, 636 P.2d 1204 (1981), cert. denied, 456 U.S. 933, 102 S.Ct. 1987, 72 L.Ed.2d 452 (1982).

 What these cases do establish with respect to indigents is that the record must reflect that the decision to waive the assistance of counsel "must be intelligent and competent," *State v. Reese*, 111 Ariz. 249, 527 P.2d 508 (1974), and made following a determination that the defendant has been "made aware of the dangers and disadvantages of self-representation." *Faretta v. California*, supra, 422 U.S. at 835, 95 S.Ct. at 2541. These tests are equally applicable to non-indigents.

All that the present record reflects is that the defendant's appointed attorney was discharged four weeks before trial, that the defendant attempted to raise money to hire an attorney, and that he was told that if he did not hire an attorney he would be required to represent himself. A valid waiver of counsel cannot be established by these facts. Defendant was not warned of the dangers of self-representation. He was not asked if he wished to represent himself. No inquiry was made as to why he had not been able to hire an attorney. No continuance was offered to permit that. Instead he was simply required to represent himself. This is constitutionally impermissible. See *City of Bellevue v. Acrey*, 103 Wash.2d 203, 691 P.2d 957 (1984). That these failures undoubtedly resulted from the change of judge so that the trial judge understandably assumed that a

valid waiver had occurred at an earlier time cannot change the result.

The conviction is reversed and the case remanded for a new trial.

HATHAWAY, P.J., and LACAGNINA, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).