858 P.2d 674

**STATE of Arizona, Appellee–Respondent,**

v.

**Edward A. RUSSELL, Appellant–Petitioner.**

**Nos. 1 CA–CR 90–1377, 1 CA–CR 92–0097–PR.**

Court of Appeals of Arizona, Division One, Department D.

June 24, 1993.

Redesignated as Opinion and Publication Ordered Aug. 24, 1993.

---

\* NOTE: The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., and Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

Richard M. Romley, Maricopa County Atty. by Jessica Funkhouser, Deputy County Atty., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

TOCI, Judge.

Edward A. Russell ("defendant") appeals from his jury conviction of burglary in the second degree, a class 3 felony, and from the sentence imposed. Defendant claims that the trial court erred in allowing him to waive his right to counsel, in instructing the jury on burglary, and in sentencing him to an aggravated prison term. We conclude that the trial court did not err in allowing defendant to represent himself because the record adequately shows that defendant's waiver was knowing, intelligent, and voluntary. In addition, the trial court's instruction to the jury on burglary did not constitute fundamental error because the instruction did not negate defendant's defenses and the parties' opening and closing statements clarified any confusion. Finally, the trial court properly aggravated defendant's sentence pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–

702(D)(13). Thus, we affirm defendant's conviction and sentence.

Defendant has also filed a petition for review of the denial of his motion for rehearing. We have consolidated the petition with defendant's direct appeal. In the petition for review, defendant claims that he was denied effective assistance of counsel and the right to compulsory process. We accept jurisdiction but conclude that: (1) the trial court properly denied defendant's claim of ineffective assistance of advisory counsel because such claim is not cognizable under former Rule 32, Arizona Rules of Criminal Procedure; and (2) the trial court did not violate defendant's right to compulsory process because defendant neither called nor attempted to call the witness whose testimony he now claims would have changed the result in his case. Accordingly, we deny relief.

## BACKGROUND

Jones Olsen, who died on February 2, 1989, owned a trailer in the Green Haven mobile home park located in Phoenix. Although Olsen's daughter arranged for someone to take care of the trailer and dispose of Olsen's effects, the trailer was unoccupied after his death. Defendant lived in a neighboring mobile home at the same park. On August 31, 1989, he and Ron Chevalier entered Olsen's mobile home and removed various household items. A neighbor observed defendant and Chevalier removing the property and called the police. Later, when the police arrested defendant, he gave conflicting explanations for his possession of the stolen items. First, defendant claimed that a neighbor, Michael Charlie, permitted the entry and paid him to remove the items from Olsen's mobile home. Second, defendant claimed that after he and Chevalier got drunk, Chevalier convinced him to enter the vacant mobile home.

**1.** This case involved three trials: the first began on April 4, 1990 and resulted in a mistrial; the second began on July 9, 1990 and resulted in a hung jury; the third trial began on August 6, 1990 and resulted in a conviction.

After a trial in which defendant proceeded *in propria persona* with the assistance of advisory counsel, a jury found defendant guilty of the pending charges.[1] Defendant then timely filed this appeal. Defendant also filed a petition for post-conviction relief pursuant to former Rule 32, Arizona Rules of Criminal Procedure ("Rule 32").[2] After the trial court appointed an attorney for defendant and held an evidentiary hearing, it denied the Rule 32 petition. When the trial court denied defendant's motion for rehearing, defendant filed this petition for review, which we consolidated with defendant's direct appeal.

## I. DIRECT APPEAL

### A. Self–Representation

Defendant first argues that the trial court erred in allowing him to waive his right to counsel. He claims that the trial court failed to make a sufficient record that the defendant made the waiver knowingly, voluntarily, and intelligently. We disagree.

As a preliminary matter, we observe that matters that require an extended record to resolve should normally be brought in Rule 32 proceedings. *See State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987) (voluntariness of plea). But, where a claim can be resolved from the record on appeal, we will not defer to post-conviction proceedings. *See State v. Carver,* 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). Because we can resolve this claim from the record on appeal, we reach the merits of this issue.

The right to waive counsel and proceed *in propria persona* is a constitutionally guaranteed right. *State v. Cook,* 170 Ariz. 40, 48, 821 P.2d 731, 739 (1992), *cert. denied,* — U.S. —, 113 S.Ct. 137, 121 L.Ed.2d 90 (1992). Similarly, the right to be effectively assisted by counsel is constitutionally protected. *State v. Schaaf,*

**2.** Rule 32 has been extensively amended. This case is decided under the former rule. *See* Ariz.Crim.P.R. 32 (West 1987).

169 Ariz. 323, 330, 819 P.2d 909, 916 (1991). The trial court strikes a balance between these two seemingly conflicting rights by assuring itself that a defendant proceeds *in propria persona* knowingly, intelligently, and voluntarily. *Cook*, 170 Ariz. at 48, 821 P.2d at 739; *see also* Ariz.R.Crim.P. 6.1(c).

 Here, although both defendant and the trial court signed a *waiver of counsel* form, the trial court did not, on the record, advise defendant about the dangers of waiving counsel and did not state that defendant's waiver was knowing, intelligent, and voluntary. *See State v. Raseley*, 148 Ariz. 458, 461–62, 715 P.2d 314, 317–18 (App.1986) (because court did not, on the record, explain dangers and disadvantages to self-representation, remand was necessary). Albeit the better practice would be for the trial judge to make specific findings regarding defendant's waiver, the absence of such findings does not amount to reversible error if the record adequately shows that defendant's waiver was knowing, intelligent, and voluntary. *See State v. Evans* 125 Ariz. 401, 403, 610 P.2d 35, 37 (1980).

 The record in this case adequately shows that defendant's waiver of counsel was knowing, intelligent, and voluntary. Defendant moved to represent himself well in advance of trial. *Compare Raseley* 148 Ariz. at 459, 715 P.2d at 315 (when defendant waived counsel after opening statements, court remanded to assure that such waiver proper) *with State v. Rigsby*, 160 Ariz. 178, 182, 772 P.2d 1, 4 (1989) (when defendant waived counsel two weeks before trial began, and court found him competent to make knowing waiver, no remand was necessary). His written motion specifically requested that the trial court allow him to proceed on his own and distinguished his case from both *State v. Jones*, 146 Ariz. 278, 279, 705 P.2d 955, 956 (App. 1985) (where court did not question defendant's presence at the trial without counsel) and *Raseley*, 148 Ariz. at 459, 715 P.2d at 315 (where defendant orally requested self-representation during trial because he defendant was unsatisfied with his attorney's opening statement). He also demon-

strated adequate familiarity with legal proceedings by citing and discussing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Finally, he specifically noted in his request for self-representation that "[t]he defendant and not his lawyer or the state will bear the personal consequences of a conviction."

Furthermore, the facts in this case are similar to those in *Rigsby*. There, the defendant argued that trial court erred in allowing him to represent himself because, although the trial court specifically stated that there was a knowing, intelligent, and voluntary waiver, it did not inform him of the dangers and disadvantages of self-representation. The supreme court, however, observed that the defendant adequately presented his opening and closing statements and had considerable experience with the criminal justice system. *Id.*, 160 Ariz. at 182, 772 P.2d at 4; *see also State v. Binder*, 170 Ariz. 519, 520, 826 P.2d 816, 817 (App.1992) (court may consider background, experience and understanding); *State v. Martin*, 102 Ariz. 142, 146, 426 P.2d 639, 643 (1967) ("All factors relating to the determination of whether the defendant knew exactly what he was doing when he waived his right to counsel are relevant."). It also observed that the trial court allowed the defendant to represent himself only after "a discussion where [the defendant], in an articulate manner, expressed a desire to defend himself" and it "took the added precaution of appointing advisory counsel...." *Rigsby*, 160 Ariz. at 182, 772 P.2d at 4. Thus, it held that the trial court did not err in allowing the defendant, who clearly knew of the dangers of self-representation, to proceed without counsel.

Here, defendant's background and experience demonstrates his knowledge of legal proceedings. For example, an Arkansas jury convicted him on two counts of rape, two counts of burglary, and one count of robbery, and, on a previous occasion, an Arizona jury convicted him on one count of larceny. In addition, because defendant

had counsel during the first trial in this case, which resulted in a mistrial, and represented himself in the second trial, which resulted in a hung jury, defendant knew of the ramifications of self-representation. Furthermore, defendant not only had the benefit of advisory counsel but he clearly stated a desire to represent himself. In response to the trial judge's question about why he wanted to represent himself, he stated, "I have more faith in me."

Although the trial court in this case did not specifically state that defendant's waiver was knowing, intelligent, and voluntary, we imply such a finding because the record strongly supports it. *H.M.L. v. State*, 131 Ariz. 385, 387, 641 P.2d 873, 375 (App.1981) (this court implies findings of fact and conclusions of law, which are reasonably supported by the record, to support trial court's judgment). Thus, we find no reversible error in the trial court's decision to allow defendant to waive his right to counsel and to represent himself. *Evans*, 125 Ariz. at 403, 610 P.2d at 37.

### B. Jury Instruction

■ The trial court instructed the jury as follows on the crime of second degree burglary:

> The crime of Burglary in the Second Degree requires proof of the following two things: (1) The defendant entered or remained unlawfully in or on a residential structure; *and* (2) The defendant did so with the intent to commit any felony therein.

Defendant contends that this instruction is erroneous because it did not define the word "felony" and because it does not parallel A.R.S. section 13–1507(A) which reads, "with the intent to commit *any theft or any felony therein*." (Emphasis added.) We disagree.

■ Because defendant did not object to this instruction at trial, he may not complain about it on appeal unless it constitutes fundamental error. *State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). Error is fundamental if, in light of the entire record, it goes to the foundation of the case, takes from the defendant a

right essential to his defense, or deprives defendant of a fair trial. *State v. King*, 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988). Here, neither the omission of the word "theft" nor the definition of the word "felony" went to the foundation of the case, took from defendant a right essential to his defense, or deprived defendant of a fair trial. The instruction did not negate defendant's arguments that he lacked the intent to commit any crime or that he entered the trailer and removed the property therein because someone hired him to do so.

■ Furthermore, we do not evaluate jury instructions out of context. *State v. Bruggeman*, 161 Ariz. 508, 510, 779 P.2d 823, 825 (App.1989). In *Bruggeman*, the court concluded that although the instruction was not drafted as artfully as it should have been, any possible misunderstandings were clarified by the attorney's closing arguments. *Id.* Here, both the prosecutor's and defendant's opening and closing statements clarified any misunderstanding about the instruction. In addition, the state's evidence demonstrated that defendant intended to commit theft from a residence. *See State v. Snodgrass*, 121 Ariz. 409, 411–412, 590 P.2d 948, 950–51 (App. 1979) (evidence and counsels' arguments can cure defective instructions). Thus, we conclude, in light of the entire record, that the trial court's instruction to the jury on burglary does not amount to fundamental error.

### C. Sentencing

When the trial court sentenced defendant to an aggravated term, it stated:

> I find the following aggravating circumstances exists: First, I find that you were on parole only four months when this was committed; I find that the earlier acts endanger[ed] the public; apparently [you] had not been able to perform very well while on parole; and the crime involved alleged property of another that was taken....

Defendant contends that the trial judge erred in using these factors to aggravated his sentence. We disagree.

■ We will not disturb a sentence that is within the statutory range absent an abuse of discretion. *State v. Calderon,* 171 Ariz. 12, 13, 827 P.2d 473, 474 (App. 1991). An abuse of discretion occurs when the trial court fails to conduct an adequate investigation into the facts relevant to sentencing. *Id.* Here, the court held a sentencing hearing and found that defendant committed the burglary when he had been on parole for only four months, that defendant had not performed well on parole, and that defendant's earlier crimes endangered the public. Each of these findings fall clearly within the omnibus provision of A.R.S. section 13–702(D)(13), which states that a trial court may aggravate a sentence for any reason that it "deems appropriate to the ends of justice." *State v. Elliget,* — Ariz. —, — P.2d —, 139 Ariz.Adv. Rep. 34, 36 (App. May 25, 1993) (section 13–702(D)(13) includes any factor that relates to the character or background of the defendant or the circumstances surrounding the commission of the crime). In addition, defendant's sentence is within the statutory range. Consequently, we conclude that the trial court did not abuse its discretion in imposing sentence.

■ Furthermore, the trial court did not abuse its discretion in considering that "the crime involved alleged property of another that was taken." Our supreme court, in *State v. Lara,* 171 Ariz. 282, 830 P.2d 803 (1992), has held that it is permissible for the trial court to use an essential element of a crime as an aggravating circumstance. Thus, defendant's argument that because theft is a necessary included element of the burglary charge, it was improper for the court to find a theft of property to be an aggravating circumstance is without merit.

### D. Fundamental Error

We have read and considered the entire record for fundamental error. A.R.S. § 13–4035. We find no error.

### II. PETITION FOR REVIEW

When defendant filed his petition for post-conviction relief, Rule 32.1 provided:

[A]ny person who has been convicted of, or sentenced for, a criminal offense may, without payment of any fee, institute a proceeding to secure appropriate relief on the ground or grounds that:

a. The conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona;

b. The court was without jurisdiction to render judgment or to impose sentence;

c. The sentence imposed exceeded the maximum authorized by law ...

d. He is being held in custody after his sentence has expired;

e. Newly-discovered material facts exist ... [that] may require that the conviction or sentence be vacated;

f. The petitioner's failure to appeal from the judgment, sentence, or both within the prescribed time was without fault on his part; or

g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard.

Ariz.R.Crim.P. 32.1 (West 1987). The burden is on defendant to show that his case falls within one of the above enumerated bases for relief. *See State v. Carriger,* 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985).

### A. Effective Assistance of Counsel

■ We find that after waiving his right to counsel at trial, the defendant has no constitutionally protected right to challenge the advice or services provided by advisory counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987) (where state provides protection in excess of that required by the constitution, defendant no longer has constitutional basis for challenging efficacy of the protection). Without a constitutional claim, defendant must base his request for post-conviction relief on one of the enumerated bases for relief. Be-

cause the defendant cannot fit his claim that he was denied effective assistance of counsel within Rule 32, the trial court properly denied his claim of ineffective assistance of counsel.

## B. The Right of Compulsory Process

Similarly, we conclude that defendant's claim that he was denied compulsory process is not cognizable under Rule 32. Defendant bases his compulsory process claim on the following facts, which we accept as true. According to defendant, although he subpoenaed a witness, Donna Hayden, who appeared to testify at trial, he was unaware of her presence in the courthouse. Because either advisory counsel or the prosecutor told her that she was not needed, she left. Although we accept, without deciding, that Hayden would have provided critical evidence that might have changed the result in this case, the record reveals that the defendant neither called nor attempted to call Hayden during his case-in-chief.

The defendant frames this claim as a denial of compulsory process. We do not view it that way. The right to compulsory process grants all criminal defendants the right to present witnesses in their defense. *State v. Oliver*, 158 Ariz. 22, 30, 760 P.2d 1071, 1079 (1988). Here, the trial transcript reveals that defendant neither called nor attempted to call Hayden at trial. Thus, he never invoked the powers of the court to compel her testimony, and the court did not deny him the right to compulsory process.

As with the defendant's claim of ineffective assistance of advisory counsel, we find that the defendant is essentially challenging his own performance in representing himself and, therefore, ultimately his decision to waive effective representation of counsel. If counsel had represented defendant and either forgot or declined to call Hayden, we could authorize the post-conviction review of the effectiveness of defendant's representation. *See State v. Valdez*, 160 Ariz. 9, 14–15, 770 P.2d 313, 318–19 (1989). We cannot, however, review the effectiveness of a defendant's representation of himself. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 950 n. 8, 79 L.Ed.2d 122 (1984) ("a defendant who exercises his right to appear *pro se* 'cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel"'.") (citation omitted); *Harding v. Lewis*, 641 F.Supp. 979, 989 (D.Ariz.1986) (defendant who elects to represent himself cannot thereafter complain that quality of his own defense amounted to ineffective assistance of counsel), *affirmed*, 834 F.2d 853 (9th Cir1987), *cert. denied*, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988), *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Because we have previously upheld the trial court's decision to allow the defendant to represent himself, this claim must fail.

## CONCLUSION

For the foregoing reasons, we affirm the defendant's conviction and sentence. We further grant review of his petition but deny relief.

CLABORNE and FIDEL, JJ., concur.