OPINION AND ORDER
[1] This appeal addresses a single issue: did the trial court abuse its discretion when it denied the Appellant De-Ve Fred his request to call his wife as a witness at his probation revocation hearing. For the reasons set forth below, we find that the trial court did abuse its discretion, but that the error was harmless.

*313
STATEMENT OF RELEVANT FACTS AM) PROCEDURAL HISTORY

[2] On January 23, 2007, Appellant De-Ve Fred pled guilty to the following charges: (1) Injury to Public Property under Ordinance 21, Title 3, Section 3.3.47 and (2) Assault & Battery under Ordinance 21, Title 3, Section 3.3.4. The charges resulted from an altercation between Fred and his wife, Tammie Fred, in which he pushed his wife to the ground while she was holding their child and proceeded to repeatedly smash his wife’s car with a hoe.
[3] At the January 23, 2007 arraignment, the trial court set sentencing for March 6, 2007. At the sentencing, Fred was sentenced to ninety days for the Injury to Public Property offense and one-hundred and sixty days for Assault & Battery. Fred received credit for forty-six days served. The remainder of his sentence totaled two-hundred and four days. However, he was only required to serve fourteen more days in jail, and the trial court then suspended the remaining one-hundred and ninety days in lieu of supervised probation. While the probation included a number of conditions with which Fred had to comply, two of the special stipulations are relevant to this case: (1) Special Stipulation 2 required Fred to enroll in a forty-week Men’s Domestic Violence Re-Education class to be completed by March 6, 2008; (2) Special Stipulation 6 required Fred to pay fifty dollars-per-child monthly child support to his wife for the term of probation.
[4] On June 5, 2007, the Hopi Prosecutor filed a Petition to Revoke Probation, alleging that Fred had failed to comply with Special Stipulation 2 by repeatedly missing class and Special Stipulation 6 by not paying Ms. Fred. A summons was then issued to Fred notifying him that he had to appear before the court on June 29, 2007. However, Fred failed to show up for the arraignment, and as a result, the trial court issued a warrant for his arrest.
[5] The arraignment for the probation violation ultimately took place on August 13, 2007. On that date, Fred filled out a Legal Rights Form in which he pled Not Guilty to the charge of Probation Violation, Ordinance 21, Title 3, Section 2.13.2 and also indicated his intent to represent himself. The trial was set for August 31, 2007. Fred was placed in jail until that date. According to the record, the Hopi Tribe only subpoenaed one witness to give testimony on its behalf, Adult Probation Officer Danny Joseph with the Hopi Domestic Violence Program. The record does not include any subpoenas requested by the Appellant.
[6] At the opening of the August 31, 2007 trial, the trial court began the proceedings by asking both Fred and the Tribe how many witnesses each intended to call. The trial court also informed Fred that as a pro se litigant, he would be responsible for calling his witnesses, examining those witnesses, and submitting any evidence in the proper form. Fred indicated that he understood this requirement and stated that he would call no witnesses. The Tribe indicated its intention to call only Mr. Danny Joseph as a witness.
[7] Approximately half way through the hearing and after the Tribe had presented its witness and Fred had testified on his own behalf, Fred requested that the trial court allow him to call his wife as a witness. The trial court denied the request. The judge stated that if Fred had disclosed his intention to call his wife as a witness at the opening of the hearing, the judge would have allowed Fred to call his wife. The judge stated that at this stage in the proceedings, Fred’s request was too late despite Fred’s explanation that he did *314 not know his wife was coming to the proceedings.
[8] The trial court ultimately found Fred guilty of probation violation under Special Stipulation 6 but not Special Stipulation 2. Specifically, the trial court noted that the defendant admitted to never paying child support through the registry of the court as required under the order. The court further rejected the Appellant’s four excuses for not paying child support, which included the following: (1) he did not know he had to pay through the registry; (2) he had no job so he could not pay the support; (3) he signed over his income tax return to his wife prior to being placed on probation; and (4) his children currently reside with him so he does not believe he needs to pay support.[1] As a result of its finding, the trial court re-imposed the one-hundred and ninety day jail sentence, fined Fred one-hundred dollars for court costs, and gave him a twenty-three day credit for time served.
[9] Fred proceeded to file two Notices of Appeal. The first, filed on September 4, 2007, states that he was denied the right to call witnesses at the August 31st trial. In the second notice, filed on September 5, 2007, Fred again states that he was not allowed to call witnesses at the trial. He also claims that the case should be dropped because he alleges that he has already served most of his time in the Flagstaff Detention Facility, and he feels that he has been punished more than he deserves.[2] In neither appeal does Fred give any details about what witness he would have liked to call in his behalf. Further, on September 6, 2007, the Hopi Tribe filed a Response to Motion to Appeal and objected to Fred’s Motion by claiming that at the start of the hearing, Fred stated that he would call “No Witnesses” and that the trial court record will prove as much. Finally, in a Motion for Briefs and Memo-randa filed by Fred on September 25, 2007, Fred states that he was not informed in time to summons witnesses for the trial as he was incarcerated at the Coconino County Detention Facility.
[10] The appellate oral arguments took place on November 8, 2007. During arguments, this Court asked the appellant what he thought the substance of his wife’s testimony would have been at the probation revocation hearing.[3] Appellant repeatedly stated that he did not know what she would testify to because she was not present. However, upon further prompting, Appellant stated that she might have testified to his character, that he signed over his income tax return to her prior to probation, and that he had been attempting to secure employment. He also stated that his wife would claim the children resided with her throughout the probation term, and the Appellant admitted, contrary to his revocation hearing testimony, that the children were residing with his wife at the time of his revocation hearing. Finally, he repeatedly stated that he was hoping his *315 wife would have served as an advocate for him because he was unable to secure a public defender. The Tribe conceded that there is no Hopi authority requiring a defendant to disclose a witness list to the court at the beginning of the proceedings, but stated that because the defendant could present no evidence demonstrating that he had paid child support through the court registry, the trial court’s abuse of discretion only amounted to harmless error.

ISSUE

[11] Whether the trial court abused its discretion when it denied the Appellant’s request to call his wife as a witness at his probation revocation hearing.

DISCUSSION

I. Jurisdiction And Scope Of Review
[12] Pursuant to Ordinance 21, Title I, Section 1.2.5, the criminal defendant only has an absolute right to appeal where he or she is sentenced to thirty or more days imprisonment and/or receives a fine of fifty dollars or more. Due to Fred’s conviction for Probation Violation under 21.2.13.2, the trial court re-imposed his suspended sentence and sentenced him to one-hundred and ninety days in jail with credit for twenty-three days served and fined him one hundred dollars. Thus, the requirements of Ordinance 21 are satisfied. Pursuant to HIRCCP 37(c), Appellant’s Notice of Appeal was also filed with this Court within twenty days of the Probation Revocation final judgment. This Court has proper jurisdiction to hear the appeal.
[13] While this Court has not directly addressed the issue of the accused’s right to call witnesses on his behalf (the right to “compulsory process”), federal courts as well as other tribal courts treat the scope of the accused’s compulsory pro cess rights as a question of law subject to de novo review. See U.S. v. Redd, 355 F.3d 866, 878 (5th Cir.2003); Colville Confederated Tribes v. Jack, 4 CTRC 11, ¶ 19 (Colville Confederated Nov. 21, 2003). However, when specifically addressing a trial court’s decision to issue or deny a subpoena requested by the criminal defendant, federal courts and Arizona courts treat the matter as an evidentiary decision subject to abuse of discretion review. See U.S. v. Merrill, 746 F.2d 458, 465 (9th Cir.1984); State v. Carlos, 199 Ariz. 273, 277, 17 P.3d 118 (Ct.App.2001). As a result, this Court will apply a de novo standard of review when addressing the scope of the defendant’s compulsory process rights and an abuse of discretion standard when reviewing any trial court decisions regarding the denial of the defendant’s request to subpoena or call witnesses on his behalf.
II. Rights Of The Accused At The Probation Revocation Hearing
Before addressing the requirements of compulsory process, this Court must first determine whether the criminal defendant’s right “to have compulsory process served for obtaining witnesses in his behalf” under 21.2.8.5 extends to a probation revocation hearing.
[15] While this Court has not specifically addressed the Compulsory Process Clause under Ordinance 21, in Sinquah v. The Hopi Tribe, this Court found that the right to counsel at the defendant’s own expense, also guaranteed under 21.2.8.5, extends to the probation revocation hearing. Sinquah v. The Hopi Tribe, — Am. Tribal Law —, 2000 WL 35734274 (Hopi 2000). This Court noted that the right to counsel extends to all “critical stages in criminal proceedings,” as the right to counsel is “essential to achieve substantia] justice in criminal proceed *316 ings,” Id. at If 24, 27. Further, we agreed with Arizona precedent holding probation revocation hearings to be critical stages in such proceedings. As a result, this Court held that under Hopi law, the right to counsel at one’s own expense extends to probation revocation hearings. Id. at ¶ 24. Because the aim of the Compulsory Process Clause is also to achieve substantial justice by ensuring that the criminal defendant is able to present a complete defense to his charges, this Court will be guided by Sinquah and find that the right to compulsory process extends to probation revocation hearings.
III. Substantive Requirements Of Compulsory Process
A. Sources Of The Right To Present Witnesses In Hopi Law
[16] Two sources of Hopi law address the defendant’s right to present witnesses at trial. The criminal defendant’s substantive right is protected under Ordinance 21, Title II, Section 2.8.5, Rights of Accused. That provision states that the criminal defendant has the right “to have compulsory process served for obtaining witnesses in his behalf.” The protection in Ordinance 21 closely follows the language of the Indian Civil Rights Act, which also guarantees the criminal defendant the right “to have compulsory process for obtaining witnesses in his favor.” 25 U.S.C.A. section 1302(6). ICRA, in turn, adopts verbatim the language of the Compulsory Process Clause under the Sixth Amendment to the U.S. Constitution. The second source of Hopi law is HIRCCP 18(b)(2), which states “[a] party may call any person to be a witness and examine any witness so called on any matter relevant to the action.”
Despite these two provisions, it does not appear that the Hopi Appellate Court has had occasion to determine the scope of the defendant’s right to call witnesses on his behalf under 21.2.8.5 or HIRCCP 18(b)(2).
B. Federal And Arizona Standard
[18] As a result of Ordinance 21, 2.8.5’s likely basis in the Compulsory Process Clause of the Sixth Amendment, this Court will look to Federal and Arizona court decisions interpreting the Sixth Amendment for guidance. Under Hopi Tribal Council Resolution H-12-76, the Courts of the Hopi Tribe have authority to look to Federal and Arizona law for matters of first impression, though Hopi Courts will not recognize or apply “any federal, state, or common law rule or procedure which is inconsistent with either the spirit or the letter” of Hopi law, custom, tradition, or culture. Sinquah, No. 99AC000012 at f 16. As the right to compulsory process also implicates ICRA, this Court, as the highest court in the Hopi Tribe, will also consider case law from other tribal courts interpreting ICRA.
1. Material And Relevant Testimony
 [19] As interpreted by the U.S. Supreme Court, the Compulsory Process Clause includes the right to government assistance in securing the attendance at trial of favorable witnesses, the right to call those witnesses and offer their testimony, the right to interrogate them, and the right to fully present the defendant’s version of the facts. Penn. v. Ritchie, 480 U.S. 39, 56, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); Faretta v. Cal, 422 U.S. 806, 818, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the criminal defendant’s right to compulsory process is not without limits. Instead, the burden is on the defendant to show that the requested witnesses will offer testimony that is material and relevant to the defense. U.S. v. Valenzuela-Ber *317 -nal, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).
[20] Materiality and relevance require that the witness testimony relate to the guilt or punishment of the accused. Id. at 868, 102 S.Ct. 3440. The primary concern in determining a violation of the Compulsory Process Clause is whether the absent witness may have testified to information that could have affected the outcome of the trial when that testimony is “evaluated in the context of the entire record.” Id. Thus, “[i]f there is no reasonable doubt about guilt[4] whether or not the additional evidence is considered,” the testimony is likely not material, and there is no justification for a new trial. Id. Further, the testimony is not material if it is merely cumulative of testimony offered by other available witnesses. Id. at 873, 102 S.Ct. 3440.
2. Timeliness Of Subpoena Requests And The Calling Of Witnesses
[21] Government assistance under the Compulsory Process Clause includes having the trial court issue subpoenas for witnesses at the defendant’s request and allowing the defendant to then call those witnesses at trial. Neither the Federal Rules of Criminal Procedure nor the Hopi Indian Rules of Civil and Criminal Procedure tell the criminal defendant at what point in the proeeed-ings he must request subpoenas for his witnesses Fed R.Crim. P. 17; HIRCCP 19. Further, nothing in Ordinance 21 or the Hopi Indian Rules of Civil and Criminal Procedure requires the defendant to disclose at the opening of the proceedings the list of witnesses he plans on calling.[5] See, e.g. HIRCCP 18.
[22] The timeliness of subpoena requests depends on the facts and circumstances of the case and, particularly, whether the defendant is proceeding pro se. However, in U.S. v. Merrill, a Ninth Circuit court sitting in Arizona held that a pro se defendant’s request the day before his trial that twenty-six witnesses be subpoenaed on his behalf was untimely. U.S. v. Merrill, 746 F.2d 458, 465 (9th Cir.1984). In holding the request untimely, the court noted that the criminal defendant could not even give the addresses for many of the witnesses or provide any showing that their testimony would be relevant. Id. And while recognizing that the defendant was pro se, the Ninth Circuit noted that throughout the lower court proceedings, the trial court judge had made every effort to ensure that the defendant received a fair trial by, for example, providing the defendant with legal advice, making sure the defendant knew his rights, and raising objections to the prosecutor’s evidence. Id.
[23] In contrast, the Cherokee Court of Appeals, in interpreting ICRA’s Compulsory Process Clause, held that a pro se *318 defendant’s request to subpoena witnesses during the trial was not untimely. Eastern Band of Cherokee Indians v. Mathis, No. 98-GR-589 at ¶22 (Cherokee Sept. 5, 2000). In Mathis, the defendant had made a showing that the four requested witnesses would give material, relevant testimony because they were present at his house when the crime in question took place. Id. Further, the record in Mathis, unlike in Merrill, did not indicate that the defendant was aware of his right to subpoena witnesses prior to his late request or that the trial court had otherwise tried to ensure the defendant a lair trial. While recognizing that it is better practice for witnesses to be subpoenaed before trial, the court felt that these circumstances warranted upholding the defendant’s compulsory process rights over court room efficiency. Id.
[24] Thus, while there is no clear bright-line rule for determining timeliness, this Court will look to the facts and circumstances of the case, including whether the defendant is pro se and whether the trial court has made an affirmative effort to apprise the defendant of his right to subpoena and call witnesses at some stage in the proceeding, in order to determine timeliness.
3. Relaxing The Materiality Showing And Timeliness Requirement For A Pro Se Defendant
[25] The presence of a pro se defendant may justify a relaxing of the materiality and timeliness requirements. However, it likely does not warrant completely dispensing with those requirements, as “a pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.” Merrill, 746 F.2d at 465. For example, in Venzuela-Bernal, though the defendant was not pro se, neither he nor his counsel could meet with potential witnesses to discuss their testimony prior to requesting subpoenas because those witnesses had been deported. The court held that though the situation may have warranted a relaxing of the materiality requirement (i.e. the defendant would not have to detail exactly how the witnesses may testify), the defendant still had to allege more than just a claim that the testimony would be helpful. For example, the defendant could have likely satisfied the materiality requirement by demonstrating that the witnesses were present at an event related to me defendant’s criminal charges. Valenzuela-Bernal, 458 U.S. at 871, 102 S.Ct. 3440. Similarly, a pro se defendant who may be incarcerated after his arraignment, such as the Appellant, will likely have difficulty interviewing witnesses prior to subpoenaing their attendance at trial. Thus, he too may be warranted in providing a less rigorous showing of materiality.
[26] However, just because a defendant proceeds pro se, the trial court is not responsible for the defendant’s complete failure to comply with the requirements of compulsory process. In Russell, the Arizona Appellate Court held that a pro se criminal defendant was not denied compulsory process when the defendant made no attempt to call his witnesses during the trial, as the defendant’s background and previous court room experience indicated he was familiar with court room proceedings and he also had the benefit of advisory counsel. State v. Russell, 175 Ariz. 529, 532-3, 858 P.2d 674 (Ct. of App.1993).
[27] As Russell suggests, the defendant may not actually forfeit his Compulsory Process Clause rights where the circumstances of his pro se representation demonstrate that he clearly was unaware of his right to secure witnesses on his own *319 behalf. However, as this reasoning implies, such an inquiry partially transforms the Compulsory Process Clause violation claim into a claim that the requirements of a knowing waiver of the right to counsel under Ami were not met. Indeed, the Russell Court had found that the defendant knowingly waived his right to counsel before finding that his compulsory process claim had no merit. Id. And in addressing the Compulsory Process Clause claim, the Russell Court recognized that the pro se defendant was “essentially challenging his own performance in representing himself and, therefore, ultimately his decision to waive effective representation of counsel.” Id. at 534, 858 P.2d 674.
[28] As a result of this overlap, at the arraignment and as part of the active inquiry under Ami, the trial court judge should make sure that a defendant who indicates his intention to proceed pro se knows he has the right to subpoena witnesses in his behalf but that he will have to first demonstrate that those witnesses will testify to information related to the criminal charges. We take notice that the Hopi Legal Rights Form already apprises the defendant of his right to have witnesses testify on his behalf.
[29] And in terms of calling witnesses, the key issue as identified by the facts and circumstances approach in Russell is whether the criminal defendant actually attempts to exercise his right to call witnesses. For example, in that case, the defendant made no attempt to call his witnesses to the stand during the trial even though they were present in the court room. However, if the criminal defendant in Russell had attempted to call his witnesses at a late stage in the trial, even if he had not disclosed at the opening of the trial his intent to call such witnesses, the trial court under those circumstances may have abused its discretion if it denied such a request.
[30] Further, this Court feels that the Hopi doctrine of harmless error as codified in HIRCCP 31 will prevent the Compulsory Process Clause violation claims from inappropriately being transformed into claims of improper waiver of counsel. For example, if the trial court record only indicates that the defendant was unaware of his right to subpoena or call witnesses but does not clearly demonstrate any other deficiencies in his knowledge, and the defendant cannot also show that the witnesses he wished to subpoena or call would have offered material testimony, his claim will be dismissed under HIRCCP 31.
IV. Application To Appellant’s Case
[31] Under the facts and circumstances of Appellant’s case, we find that the trial court abused its discretion when it refused to allow Appellant to call his wife to the stand. She was present in the court room, and as the Tribe admitted to this Court, nothing in Hopi law explicitly requires the criminal defendant to disclose a witness list to the court at the beginning of the revocation proceedings. Further, Fred requested to call his wife as a witness after he had testified on his own behalf, and at that point, he had not stated to the trial court that he rested his case. Because the case law suggests that the timeliness requirements should be relaxed for pro se defendants, we do not find it dispositive that Fred indicated at the beginning of the proceedings that he was not planning on calling any witnesses.
[32] Despite finding an abuse of discretion on the part of the trial court, the Appellant has made no showing that his wife would have offered material testimony regarding his failure to pay child support according to the terms of the probation revocation order. Instead, he repeatedly *320 stated that he could not speak to what information his wife would have testified. And the minimal evidence that he specifically said she would have testified to, such as his character, and his alleged signing over of his income tax return prior to his term of probation, do not speak to whether he actually did comply with the child support stipulation. Further, it appears that the Appellant primarily wanted his wife to serve in some type of advocacy capacity for him. As a result, the Appellant has not met his burden of proving materiality.
[33] As a result of this fetal deficiency in proving materiality, this Court finds that the trial court’s abuse of discretion only resulted in harmless error to the Appellant. Again the Appellant has not shown that his wife’s testimony would have helped demonstrate that he did not violate Special Stipulation 6. And that violation standing alone justified the trial court in re-imposing the Appellant’s original sentence. See Ordinance 21, Title, II, Section 2,13.2.

CONCLUSION

 The scope of the criminal defendant’s right to compulsory process is a matter of first impression in Hopi Courts. Taking guidance from Federal and Arizona law, this Court holds that while the trial court cannot refuse to allow a pro se litigant to call a present witness in his behalf just because the defendant has not disclosed his intent to call that witness at the beginning of the proceedings, the ultimate burden is on the defendant to demonstrate that any witness he wishes to call will provide testimony material to his defense. Appellant has not met that burden in the instant case. Thus, the trial court’s abuse of discretion here only amounted to harmless error and did not prejudice the Appellant.

ORDER OF THE COURT

[35] It is hereby ORDERED that the trial court’s finding of a probation violation under the Appellant’s April 2, 2007 Order of Probation and re-imposition of the one-hundred and ninety day suspended sentence at the August 31, 2007 probation revocation hearing be affirmed.

. Neither the probation order nor the Ordinance 21 probation code sections explicitly recognize any of these excuses as a defense to the probation violation. Further, Under Hopi Ordinance 53, section 9(A), child support payments are required to be made through the registry: “Monetary payments under a child support order shall be made to the Hopi Child Support Registry for distribution to the custodial parent or other resident guardian of the child.” (emphasis added)

. These two claims are not addressed because they appear to have no basis in the factual record or legal authority.

. Pursuant to HIRCCP 37(j), this Court employed an unusual process to help the Appellant elaborate his claim by allowing him to give a statement regarding the substance of his wife's testimony, even though he had made no such statement at the probation revocation hearing.

. Note, under Hopi law, the prosecutor's burden of persuasion in a probation revocation hearing is only by a preponderance of the evidence, so the showing of materiality is even more difficult for the accused. Quotskuyva v. Hopi Tribe, No. 02AC000002 at 11 29 (Hopi Apr. 15, 2002).

. Under federal law, except in capital cases and regarding alibi rebuttal witnesses, the prosecution is not required to disclose its witnesses to the defense prior to trial. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Further, under Federal Rule of Criminal Procedure 16, neither party is under a duty to disclose witnesses prior to trial. Fed.R.Crim.P. 16. Under limited circumstances, the trial court may order the prosecution to disclose its witnesses to the criminal defendant prior to trial and, in doing so, may also require the defendant to exchange witness lists with the government on the day before trial. U.S. v. Fletcher, 74 F.3d 49 (4th Cir.1996),