NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MAKALE DENG KUAL AROB, *Petitioner*.

No. 1 CA-CR 14-0588 PRPC
FILED 9-1-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2010-120692-001
The Honorable Kristin C. Hoffman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Makale Deng Kual Arob, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S**, Judge:

**¶1**        Makale Deng Kual Arob petitions this court for review of the summary dismissal of his petition for post-conviction relief. We grant review but deny relief.

**¶2**        A jury convicted Arob of aggravated assault, and the superior court sentenced him to an aggravated 13-year term of imprisonment. A panel of this court affirmed Arob's conviction and sentence on direct appeal. *State v. Arob*, 1 CA-CR 11-0869 (Ariz. App. Jan. 15, 2013) (mem. decision).

**¶3**        Arob filed a timely notice of post-conviction relief. Appointed counsel filed a notice stating she had reviewed the record but found no colorable claims to raise pursuant to Arizona Rule of Criminal Procedure 32. Arob then filed a *pro se* petition. In the petition Arob alleged his trial counsel had been ineffective because counsel had failed to make sure an interpreter had explained a plea offer to him at the settlement conference. The superior court summarily dismissed the petition, finding Arob failed to state a claim that would entitle him to relief. *See generally State v. Kolmann*, 239 Ariz. 157, ___, ¶ 8, 367 P.3d 61, 64 (2016) (Rule 32.6(c) allows for summary dismissal of a petition for post-conviction relief "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings").

**¶4**        Here, Arob argues that the superior court improperly dismissed his petition for post-conviction relief because his trial counsel was ineffective for failing to provide him with an adequate interpreter at the settlement conference. The superior court did not abuse its discretion in summarily dismissing Arob's petition. *See State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006) (appellate court reviews summary dismissal of post-conviction relief proceeding for abuse of discretion).

**¶5**        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively

reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In determining whether a claim is colorable, we view allegations in light of the entire record. *State v. Lemieux*, 137 Ariz. 143, 146, 699 P.2d 121, 124 (App. 1983).

**¶6**　　　　The superior court rejected Arob's claim, finding the court had appointed an appropriate interpreter to assist him, and he had rejected the interpreter's services. The record supports the superior court's findings. But even if the record did not support its findings, the record also reflects that at the settlement conference, Arob represented himself; court appointed counsel was present only in the capacity as advisory counsel. A defendant who represents himself has no claim for ineffective assistance of advisory counsel. *See State v. Russell*, 175 Ariz. 529, 534, 858 P.2d 674, 679 (App. 1993) ("[A]fter waiving his right to counsel at trial, the defendant has no constitutionally protected right to challenge the advice or services provided by advisory counsel.") (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 1994, 95 L. Ed. 2d 539 (1987)). Thus, the record supports the superior court's summary dismissal of Arob's claim of ineffective assistance of counsel. *See State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987) (appellate court may affirm superior court's ruling "on any basis supported by the record").

**¶7**　　　　For the foregoing reasons, the superior court properly dismissed Arob's petition for post-conviction relief. Accordingly, we deny relief.



Amy M. Wood • Clerk of the court
FILED: AA

3