NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL ANTHONY JEFFERSON, *Petitioner*.

No. 1 CA-CR 16-0067 PRPC
FILED 10-31-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-135286-001
The Honorable Daniel J. Kiley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Michael Anthony Jefferson, Eloy
*Petitioner*

_____

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

_____

**D O W N I E**, Judge:

**¶1**         Michael Anthony Jefferson petitions for review from the dismissal of his petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

**¶2**         On October 26, 2011, Jefferson was convicted, after a jury trial, of illegal control of an enterprise, money laundering, three counts of aggravated taking identity of another, fraudulent schemes and artifices, and trafficking in the identity of another.  The jury found multiple aggravating factors.  Jefferson was sentenced to a total of 31.5 years in prison.

**¶3**         Jefferson was initially represented by counsel at trial.  On the third day of trial, though, he waived his right to counsel and chose to represent himself.  Appointed counsel remained in an advisory capacity. On the ninth day of trial, Jefferson fled to Mexico, and the trial continued in his absence.  The court had previously warned Jefferson that this could occur.  Advisory counsel resumed representation of Jefferson through closing arguments and the verdict.  Upon his return from Mexico, Jefferson was taken into custody.  He elected to represent himself at sentencing.

**¶4**         During and after trial,  Jefferson filed numerous motions for mistrial, motions to vacate, and motions to compel discovery. He also filed misconduct complaints against the trial judge and appointed appellate counsel.[1]   Jefferson alleged, _inter alia_: illegal search and seizure; prosecutorial misconduct and vindictiveness; illegal suppression of exculpatory evidence; judicial misconduct; ineffective assistance of counsel; and that he was assaulted while in custody.  The trial judge recused herself from the sentencing hearing.

_____

[1]      Neither complaint resulted in action against the judge or counsel.

¶5   After sentencing, Jefferson's appointed appellate counsel filed a direct appeal, arguing: (1) the court should have *sua sponte* instructed the jury it could not consider prior convictions as evidence of guilt;[2] (2) Jefferson was involuntarily absent from trial; (3) the trial court applied the wrong standard in finding three historical prior felony convictions; and (4) ineffective assistance of advisory counsel. This Court affirmed Jefferson's convictions and sentences. The Arizona Supreme Court denied review.

¶6   Jefferson's first appointed post-conviction relief counsel, after reviewing the record, found no meritorious claims. Jefferson filed a *pro se* petition on May 6, 2016, alleging ineffective assistance of trial counsel and direct appeal counsel. The State filed a response, and Jefferson filed a reply. Due to a conflict of interest, new counsel was appointed to represent Jefferson and to review the record. The second attorney also found no viable issues. The superior court dismissed the petition for post-conviction relief, concluding that Jefferson had simply recharacterized claims that could have been raised on direct appeal as ineffective assistance of counsel claims, and further, that the claims lacked merit, even if not precluded.

¶7   This Court will not reverse the superior court's decision absent an abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). Generally, a trial court abuses its discretion if it commits an error of law in reaching its decision or the record lacks substantial support for the court's decision. *State v. Cowles,* 207 Ariz. 8, 9, ¶ 3 (App. 2004).

¶8   Jefferson identifies the following claims for review: (1) whether the court erred in finding that the ineffective assistance claims related to alleged constitutional violations and hearsay evidence were precluded; (2) whether the court erred by not conducting an evidentiary hearing on the claim that counsel was ineffective by failing to investigate and move for dismissal due to "prejudicial pre-indictment delay;" (3) whether counsel was ineffective by failing to seek dismissal on the basis of prosecutorial vindictiveness; (4) counsel's alleged failure to investigate, conduct interviews, and file a motion to suppress; (5) counsel's alleged failure to investigate evidence of police brutality; (6) counsel's failure to suppress evidence or prevent the suppression of evidence; (7) counsel's failure to object to the court's refusal to grant a continuance so he could hire a private attorney; (8) counsel's alleged tampering with a jury member on the elevator during *voir dire*; (9) counsel's failure to contact him when the prosecutor filed a notice of change of judge; (10) counsel's failure to request

---

[2]  As Jefferson was questioning a witness, he elicited evidence about his probation status and prior conviction.

a new trial, mistrial, or dismissal after the trial judge recused herself before sentencing; (11) counsel's failure to object to inadmissible hearsay; (12) counsel's failure to object to allegedly false testimony; (13) counsel's failure to cross-examine the State's witnesses, requiring Jefferson to represent himself; (14) counsel's failure to object when the judge and prosecutor purportedly confiscated a jury list; (15) counsel's failure to file a motion for discovery regarding a detective's record of misconduct; and (16) appellate counsel's failure to raise meritorious claims on appeal as directed by Jefferson.

¶9            Jefferson couches each of his claims as an ineffective assistance of counsel allegation. To the extent he is attempting to litigate substantive legal issues that could or should have been raised on direct appeal, the superior court correctly deemed those issues precluded. Ariz. R. Crim. P. 32.2(a). And to the extent Jefferson is alleging deficient performance by advisory counsel, that is not a cognizable claim. *See State v. Russell*, 175 Ariz. 529, 531 (App. 1993).

¶10           To state a colorable claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶11           Setting aside the fact that Jefferson chose to represent himself for much of the trial and filed numerous *pro se* motions, he has provided no factual basis to establish that counsel was ineffective. Ineffective assistance of counsel "must be a demonstrable reality rather than a matter of speculation." *State v. McDaniel*, 136 Ariz. 188, 198 (1983). The superior court examined each of Jefferson's claims and found them to be without merit. This court discerns no abuse of discretion.

¶12           Jefferson alleges his appellate counsel was ineffective by failing to raise every issue he directed her to present. But a petitioner "must offer evidence of a reasonable probability that but for counsel's unprofessional errors, the outcome of the appeal would have been

4

different." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). Counsel is not constitutionally required to raise every non-frivolous issue on appeal if she determines "as a matter of professional judgment" not to present those issues. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Jefferson has provided no evidence that appellate counsel's conduct fell below prevailing professional norms.

**¶13** The superior court did not err in concluding that Jefferson's claims were without merit and that he failed to make the showing required by *Strickland*. We therefore grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA