NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DELBERT WAUNEKA, *Petitioner*.

No. 1 CA-CR 19-0196 PRPC

FILED 4-21-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2016-160880-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Delbert Wauneka, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz, and Judge
David B. Gass delivered the decision of the Court.

**PER CURIAM**:

¶1        Delbert Wauneka petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 33.[1]  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        While representing himself with advisory counsel, Wauneka pleaded guilty to one count of possession of dangerous drugs, a class 4 felony, with one prior felony conviction.  He stipulated to an aggravated six-year prison term.

¶3        Wauneka timely filed a notice for post-conviction relief ("PCR") and raised a claim of ineffective assistance of counsel.  The superior court appointed counsel to assist Wauneka with his PCR petition, and counsel's subsequent review of the record revealed no colorable claims.

¶4        Proceeding pro per, Wauneka filed a PCR petition raising the following claims: (1) invalid guilty plea; (2) violations of constitutional rights (including his right to effective representation by plea counsel); (3) newly discovered evidence; and (4) unlawful sentence.  The superior court summarily dismissed the petition.  We review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶5        On review, Wauneka confusingly asserts he is "actually innocent" because of a purported deficiency in Arizona Revised Statutes ("A.R.S.") section 13-3401, the statute that defines terms applicable to drug offenses.  Wauneka also challenges the admissibility of inculpatory statements he made to the arresting police officer, and he refers to a purported *Brady* violation and "tampered . . . false . . . [and] insufficient

---

[1]        Effective January 1, 2020, our supreme court amended the post-conviction relief rules. *See* Order Abrogating Current Rule 32 of the Arizona Rules of Criminal Procedure and Adopting New Rule 32 and Rule 33 and Related Provisions, Arizona Court Order No. R-19-0012 (Adopted Aug. 29, 2019).  The rules relating to defendants who plead guilty is now codified in Rule 33.  The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice." Order at 2.  Because there were no substantive changes to the respective rules related to this opinion, we apply and cite to the current rules.

evidence." *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Wauneka additionally claims the indictment was invalid.

¶6            As noted, Wauneka pleaded guilty. Thus, his claims do not warrant relief. A plea agreement waives all non-jurisdictional defenses, errors and defects occurring prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982), *abrogated on other grounds*, *State ex rel. Dean v. Dolny*, 161 Ariz. 297 (1989). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). And defects in an indictment are not "jurisdictional"; they do not deprive a court of its power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630-31 (2002).

¶7            Despite Wauneka's assertions to the contrary, the record supports the superior court's finding that he knowingly, voluntarily, and intelligently pleaded guilty pursuant to the terms in the written plea agreement. The record also establishes that Wauneka agreed with the factual basis supporting each element of possession of dangerous drugs. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984) (statements to the court at a change of plea hearing regarding the voluntariness of the plea are normally binding on the defendant).

¶8            Nonetheless, Wauneka claims plea counsel "coerced" the plea. But Wauneka began representing himself in this matter well before—and during—the change of plea hearing. To the extent Wauneka claims advisory counsel provided ineffective assistance, such a claim is not colorable. *State v. Russell*, 175 Ariz. 529, 535 (App. 1993).

¶9            Wauneka also claims the written plea agreement was "breached" because the prosecutor and advisory counsel "altered" it. Wauneka apparently refers to the revisions made to paragraph one of the plea agreement, which detailed the range of sentencing provided by Arizona law. The alterations, however, correctly reflect the law, and the record clearly shows that Wauneka agreed to be sentenced to a six-year prison term. Considering Wauneka agreed he had a prior felony conviction, the six-year sentence is lawful. *See* A.R.S. § 13-703(B), (I).

¶10           Without providing context, Wauneka finally mentions a "lab test . . . that clearly show[s] hepatitis 'C' viris [sic] positive 'Flag' abnormal." Wauneka does not explain how the "lab test" entitles him to relief.

¶11           For the foregoing reasons, Wauneka fails to show the superior court erred by dismissing his PCR petition. *See State v. Poblete*, 227 Ariz.

537, 538, ¶ 1 (App. 2011) (petitioner bears the burden of establishing an abuse of discretion). Therefore, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA