NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD LOUIS LAAKMANN, *Appellant*.

No. 1 CA-CR 13-0402
FILED 12-11-2014

Appeal from the Superior Court in Maricopa County
No.  CR2011-145979-002
The Honorable William L. Brotherton, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

Richard Louis Laakmann
*Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for defendant Richard Louis Laakmann has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Laakmann was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Laakmann's conviction and resulting sentence are affirmed as modified.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        After dark in early September 2011, a Phoenix police officer stopped a pickup truck for not having a valid license plate. Three people were in the pickup: the driver, another passenger and Laakmann. The officer noticed a blue bank bag at Laakmann's feet.

¶3        Other Phoenix police officers arrived at the scene and the driver was taken into custody. One officer discovered a small baggie of methamphetamine on the other passenger after a pat down search unchallenged here. The officers arranged to have the pickup towed, resulting in an inventory search. One officer opened the blue bank bag that had been at Laakmann's feet and found baggies containing nearly a pound of methamphetamine, as well as two receipts with Laakmann's name and address and a hunting brochure. The officers arrested Laakmann. Laakmann's fingerprints were later identified on the baggies in the blue bank bag.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997) (citation omitted).

¶4          Laakmann was charged by Indictment with possession of dangerous drugs for sale, a Class 2 felony. Laakmann moved to suppress the blue bank bag and its contents, arguing they were improperly seized without a warrant. Following an evidentiary hearing, the superior court found Laakmann lacked standing to contest the seizure and that the search of the pickup and its contents was lawful. Although the State extended plea offers to Laakmann, after being informed of his rights and potential consequences pursuant to *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (2000), he rejected them.

¶5          At a three-day jury trial, two investigating police officers testified and identified Laakmann. A detective testified that, in his experience, the amount of methamphetamine found in the blue bank bag "would only be possessed for sale." A fingerprint examiner testified Laakmann's fingerprints were identified on baggies containing the methamphetamine found in the blue bank bag, and Laakmann stipulated that fact was true. At the close of the State's case in chief, Laakmann moved for a judgment of acquittal arguing there was no substantial evidence to support a conviction, which the superior court denied.

¶6          Laakmann elected to testify in his own defense. Among other things, Laakmann testified that the blue bank bag was not his, that he had never seen it before and that he did not have a bank account because he could not read or write. He testified that he may have touched the blue bank bag's contents while getting in the cramped pickup or when moving things around inside it. He also testified that the receipts found in the blue bank bag must have stuck to the hunting flyer he pulled out of his pocket and gave to the passenger.

¶7          After Laakmann rested, he again moved for a judgment of acquittal arguing there was no substantial evidence to support a conviction, which the superior court denied. After final instructions and closing arguments, the jury deliberated and found Laakmann guilty as charged. The jury also found the amount of methamphetamine in Laakmann's possession to be greater than the statutory threshold of nine grams. *See* Ariz. Rev. Stat. (A.R.S.) § 13-3407(E); A.R.S. § 13-3401(36)(e) (2014).[2] Laakmann was then taken into custody pending sentencing.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8            At sentencing, the superior court heard mitigating testimony from Laakmann, his daughter and a friend, considered records of his medical disabilities and heard argument. The superior court sentenced Laakmann to the presumptive term of 10 years flat time in prison, and properly gave him 65 days of presentence incarceration credit. This court has jurisdiction over Laakmann's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶9            This court has reviewed and considered counsel's brief and appellant's pro se supplemental brief, and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows that Laakmann was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence admitted at trial constitutes substantial evidence supporting Laakmann's conviction. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory limit and permissible range.

¶10          Although finding no issues "not wholly frivolous," at Laakmann's request, his counsel lists four potential issues for this court's consideration, none of which were raised before the superior court. Laakmann also addressed these issues in his pro se supplemental brief.

¶11          First, Laakmann argues his confrontation rights were denied "when the driver and passenger of the truck he was riding with were not at the trial so that he could confront his accuser(s)." Neither the State nor Laakmann called the driver or the other passenger as a trial witness. Nor were their statements admitted at trial, other than testimony without objection by a police officer that the passenger admitted the baggie of methamphetamine found on her "was hers." Laakmann, however, has not shown how such an admission violated his confrontation rights. Moreover, Laakmann has not shown how he has a right to confront the driver or other passenger by having them present at trial absent their statements being received at trial.

¶12          Second, although Laakmann argues he was precluded from offering evidence of his medical disabilities at trial, the record does not show Laakmann attempted to offer such evidence at trial or that the superior court precluded such evidence. And at sentencing, the superior court considered the medical records Laakmann offered.

¶13 Third, Laakmann argues he was precluded from showing there was insufficient evidence of his fingerprints on the baggie of methamphetamine found in the blue bank bag because his fingerprint expert did not testify at trial. Four business days before trial began, the State moved to preclude Laakmann's fingerprint expert as a disclosure sanction. The record does not indicate that motion was brought to the attention of the superior court or ruled upon. Accordingly, the motion was deemed denied and no court order precluded Laakmann from calling his fingerprint expert. *See State v. Mendoza-Tapia*, 229 Ariz. 224, 231 ¶ 22, 273 P.3d 676, 683 (App. 2012). Moreover, Laakmann failed to call that witness, meaning he "never invoked the powers of the court to compel [his expert's] testimony, and the court did not deny him the right to compulsory process." *State v. Russell*, 175 Ariz. 529, 535, 858 P.2d 674, 680 (App. 1993).[3]

¶14 Fourth, although Laakmann argues ineffective assistance of trial counsel, such a claim can only be raised in post-conviction proceedings, not on direct appeal. *State ex rel Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20, 153 P.3d 1040, 1044 (2007).

¶15 In his pro se supplemental brief, Laakmann also argues the State failed to disclose the other passenger's plea agreement. The other passenger, however, did not testify and Laakmann has not shown any prejudice from this alleged lack of disclosure. *See State v. Tucker*, 157 Ariz. 433, 439, 759 P.2d 579, 585 (1988). Similarly, Laakmann's argument that the State was required to disclose evidence of potential differences or similarities between the methamphetamine found in the blue bank bag and the methamphetamine found on the other passenger, and whether they could have been mixed during lab processing, fails. Laakmann has not demonstrated any disclosure violation or how such a violation would have prejudiced him. *See id.*

¶16 Finally, the superior court ordered Laakmann to "pay the applicable fee for the cost of" DNA testing. In *State v. Reyes*, 232 Ariz. 468, 472 ¶ 14, 307 P.3d 35, 39 (App. 2013), this court held that A.R.S. § 13–610 does not authorize the court to impose a DNA testing fee on a convicted defendant. Accordingly, pursuant to *Reyes*, which was issued after Laakmann was sentenced, the superior court erred by imposing the DNA

---

[3] To the extent Laakmann argues he was denied the right to compulsory process regarding the driver and other passenger in the pickup, such an argument fails because the record does not show that Laakmann ever attempted to compel or call either of them as a trial witness. *See State v. Russell*, 175 Ariz. 529, 535, 858 P.2d 674, 680 (App. 1993).

testing fee. Therefore, the sentence is modified to omit the requirement that Laakmann pay for the cost of DNA testing.

## CONCLUSION

**¶17**            This court has read and considered counsel's brief and Laakmann's pro se supplemental brief, and has searched the provided record for reversible error and has found none. *Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537 ¶ 30, 2 P.3d at 96. Accordingly, Laakmann's conviction is affirmed, and his resulting sentence is affirmed as modified to omit the requirement that he pay for the cost of DNA testing.

**¶18**            Upon filing of this decision, defense counsel is directed to inform Laakmann of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Laakmann shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh